Because Defendant-Appellant Bowman admitted that he engaged in sexual relations with Michelle Fincannon on the date alleged, the issue critical to his guilt of the Rape offenses with which he was charged was whether he purposely compelled Michelle Fincannon to submit by force or threat of force. R.C. 2907.02(A)(2).
The evidence which the trial court permitted the State to elicit from Bowman on cross-examination concerning his prior felonious assault conviction clearly portrays a use of force on that occasion. Bowman testified that he used a carpenter's tool to fend off another man in the course of a fight and that the man "had his head busted open." (T. 680). From that, the jury might reasonably infer that Bowman has a propensity to use violent force of the kind to which Michelle Fincannon testified. Therefore, I do not agree that Bowman was not materially prejudiced by the trial court's abuse of discretion in permitting the State to make its inquiry. However, neither can I find that the error is reversible.
In State v. Williams (1988), 38 Ohio St.3d 346, the Supreme Court held that the trial court abused its discretion when it permitted a similar inquiry on cross-examination into the facts of a defendant's prior conviction upon a ruling that the defendant's admission of the conviction had "opened the door" to that inquiry. Id., note 10, at p. 351. The court further held, however, that material prejudice required for reversal was not shown because "the remaining, properly introduced evidence overwhelmingly establishes appellant's guilt." Id., at p. 351.
Here, the other evidence that was properly introduced demonstrated that Michelle Fincannon was the victim of a violent attack that involved sexual conduct. That evidence included her physical injuries, her flight, and the apparent state of shock in which police found her shortly after. Together, they constitute overwhelming proof that Defendant-Appellant Bowman used force to compel her to submit to sexual conduct in the manner she described, in violation of R.C. 2907.02(A)(2). Therefore, material prejudice has not been shown and per Williams,supra, I would overrule the third assignment of error on that basis.